PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

### **<u>Amended</u>** Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Otto Johnson**     Case Number: **1:02CR00137**

Name of Sentencing Judicial Officer:     **The Honorable Herman J. Weber,**
**United States Senior District Judge**

Date of Original Sentence: **September 17, 2003**

Original Offense: **Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), a class D Felony.**

Original Sentence: **15 months BOP confinement, 3 years supervised release, a $2,000 fine, and a $100 special assessment**

Type of Supervision: **Supervised Release**     Date Supervision Commenced: **August 13, 2004**

Assistant U.S. Attorney: **Ralph W. Kohnen, esq.**     Defense Attorney: **Gregory C. Cohen, esq.**

## PETITIONING THE COURT

[X]    A warrant was previously issued and a detainer was placed against the defendant
[ ]    To issue a summons
[ ]    To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **New Law Violation:** |

1) On August 20, 2004, Johnson was cited by the Cincinnati Police for Possession of Open Flask. Johnson paid out the citation, which is an admission of guilty.

The citation stated Johnson was in possession of an opened bottle of Alize Red Passion at approximately 10:15 am on August 21, 2004.

2) On September 21, 2004, Johnson was arrested for Excessively Loud Noises and driving Under Suspension by the Cincinnati Police. On September 21, 2004, at arraignment, Johnson waived counsel and pled guilty to both charges. He was sentenced on the Driving Under Suspension charge to a period of ten days confinement, which was suspended in lieu of a one year term of probation. Johnson was ordered to pay a $20 fine and court costs for the Excessively Loud Noise charge.

The facts are Johnson was observed driving a vehicle at approximately 1:10 am, and had the car stereo playing excessively loud music. After the traffic

stop, the police found the Johnson was driving while under suspension.

**3)** On May 5, 2005, Johnson pled no contest to charges of Failure to Comply with a Police Officer (a felony) and Child Endangering, a misdemeanor. On May 26, 2005, Johnson was sentenced to six months incarceration on the charges.

The facts are, on March 15, 2005, Johnson, who was a fugitive at the time, was observed by a Cincinnati Police officer operating a motor vehicle in the Madisonville area of Cincinnati. The officer was familiar with Johnson, and knew he was a fugitive from justice. The police officer attempted to pull Johnson over. However, Johnson, who had a 14 year old boy in the vehicle at the time, failed to stop his vehicle, and led police on a high speed vehicle chase until Johnson wrecked the vehicle he was driving and attempted to flee on foot before he was apprehended. While Johnson was fleeing the police he committed a number of traffic violations, including speeding. Johnson was found to be in possession of a small amount of marijuana at the time of his arrest, and was charged with minor misdemeanor possession of marijuana. The marijuana charge and the traffic citations were dismissed exchange for his plea of guilty on the above-stated charges.

It should be noted, Johnson was previously charged in another incident with misdemeanor assault, which included the possession of a firearm, but the charge was dismissed by request of the prosecution when the prosecuting witness failed to appear to testify. The assault charge was part of the original petition to the Court, and has been withdrawn.

#2     **Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;**

On October 12, 2004, Johnson failed to report on his scheduled reporting appointment with this officer. Johnson did not call to try to rescheduled the appointment. Johnson has had no contact with the U. S. Probation Office since September 27, 2004. In addition, Johnson failed to submit monthly supervision reports after August 2004.

#3     **Condition #6: You shall notify the probation officer ten days prior to any change of residence or employment;**

Upon release onto supervision, Johnson listed a residence of 5717 Islington Avenue, Cincinnati, Ohio 45227. He was living with his girlfriend, Nicole Warner. On November 17, 2004, this officer went to the residence, and spoke with Nicole warner, who stated Johnson was not living there anymore, and that they were no longer in a relationship together. She stated she did not know where Johnson was living. At the time of his arrest on March 15, 2005, Johnson provided an address of 4704 Peabody Street, Cincinnati, Ohio 45227. This officer had no record of this address while Johnson was on supervision.

Johnson failed to notify this officer of his change in residence ten days prior to the change of residence as required.

#4         **Condition #11: You shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;**

On September 21 and October 5, 2004, Johnson was arrested for new criminal conduct by the Cincinnati Police. Johnson failed to notify this officer of the contact with law enforcement within three days as required.

#5         **Special Condition #1–The defendant shall undergo a substance abuse evaluation and, if directed by his probation officer, participate in program which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.**

Upon release onto supervision, this officer referred Johnson to the Crossroads Center for substance abuse treatment. He was also placed onto the random color code drug testing program operated by the U.S. Probation Office. Johnson stated he understood what was required for both programs.

On October 26, 2004, Johnson was unsuccessfully terminated from the Crossroads Center program for non-attendance. He last attended a treatment session on September 7, 2004.

In addition, on October 10, October 12, October 18, October 27, November 10, November 16, November 26, and November 29, 2004, Johnson failed to provide urine specimens for the purposes of drug testing.

It should be noted, 18 U.S.C. § 3583(g)(3) requires revocation for failure to comply with drug testing.

**U.S. Probation Officer Recommendation:**

The Court previously ordered a warrant be issued in this case on December 10, 2004. A detainer was lodged against Johnson after he was arrested by the Cincinnati Police. This officer is submitting this amended petition to include new allegations and withdraw one of the previous allegations. As a result, the Court need not order a new warrant be issued.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

Respectfully submitted,                                Approved,

by  *[signature]*                                      *[signature]*
Robert C. Frommeyer Jr.                                John C. Cole
Senior U.S. Probation Officer                          Supervising U.S. Probation Officer
Date: **August 17, 2005**                              Date: **8-18-05**

PROB 12C  
Rev 2/03

4

THE COURT ORDERS:

[ ]  No Action  
[✓]  The Court finds that there is probable cause to believe the defendant has violated the conditions of his supervised release and recognizes a warrant was previously issued in this case and a detainer was placed against the defendant. The amended petition is ordered to be filed.  
[ ]  The Issuance of a Summons  
[ ]  The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.  
[ ]  Other

_____  
Signature of Judicial Officer

8/18/05  
Date