IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          CR-1-02-137

OTTO JOHNSON,

Defendant.

SUPERVISED RELEASE VIOLATION
SENTENCING MEMORANDUM AND JUDGMENT
ORDER

The defendant was sentenced on September 17, 2003 for a violation of Title 21, Sections 841(a)(1) and (b)(1)(D) of the United States Code. The defendant was sentenced to the custody of the Bureau of Prisons for **FIFTEEN (15) MONTHS** and, following incarceration a term of Supervised Release of **THREE (3) YEARS** with the special conditions of participation in substance abuse assessment and treatment at the direction of the Probation Office. Additionally, he was ordered to comply with the standard terms and conditions of Supervised Release and pay a fine of $2,000.00 and a special assessment of $100.00.

A Petition and Amended Petition for Warrant or Summons for Offender Under Supervision were filed in this Court and a Warrant issued.

The defendant appeared with counsel, Gregory A. Cohen, Esq. before this Court for a Supervised Release Violation Hearing on January 18, 2006. The Court, being fully advised from the information contained in the Supervised Release Violation Report and statements made at said hearing, finds the defendant has violated:

1) the Condition of Supervised Release which provides that the defendant shall

2

not commit another federal, state, or local crime and shall not illegally possess a controlled substance;

2) the Condition of Supervised Release that the defendant report to the Probation Officer as directed by the Court or Probation Officer, and shall submit a truthful and complete written report within the first five days of each month;

3) the Condition of Supervised Release that the defendant shall notify the Probation Officer 10 days prior to any change of residence or employment;

4) the Condition of Supervised Release that the defendant shall notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer; and

5) the Special Condition of Supervised Release that defendant undergo a substance abuse evaluation and, if directed by his Probation Officer, participate in a program which may include testing to determine if the defendant has reverted to the use of drugs or alcohol. Additionally, defendant failed to provide urine samples for purposes of drug testing on October 10, 18, 27, and November 10, 16, 26, and 29, 2004.

Pursuant to the policy statement at U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, or where the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. The violations are Grade C in nature to the policy statement at U.S.S.G. § 7B1.1(a)(3) because they involve violations of law with a penalty of 12 months or less and violations of conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke the sentence of supervised release or extend the term of supervised release and/ or modify the conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade C violation and the original Criminal History Category of V, the guideline imprisonment range is 7 to 13 months.

3

Pursuant to the policy statement at § 7B1.3( c)(1), if the minimum term of imprisonment for a supervised release violation is not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for any portion of the minimum term.

Pursuant to Title 18, U.S.C. § 3553, among the factors to be considered in imposing sentence are:
1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
2)  the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    ( C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.

Pursuant to the policy statement at U.S.S.G. § 7B1.3, any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under the policy statement at U.S.S.G. § 7B1.4.

Based upon these factors and the statements and recommendations made during the hearing, the Court finds that a sentence within the range recommended by the Sentencing Guidelines is a reasonable sentence.

4

Pursuant to Title 18, U.S.C. §§ 3583 and 3553, therefore,

**IT IS ORDERED** that defendant Otto Johnson's Supervised Release be **REVOKED** and the defendant be **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A PERIOD OF TWELVE (12) MONTHS AND ONE (1) DAY and shall serve a term of SUPERVISED RELEASE OF ONE (1) YEAR under the following conditions:**

(1) the defendant shall not commit another Federal, state or local crime;

(2) the defendant is prohibited from possessing a firearm or other dangerous weapon;

(3) the defendant shall not possess a controlled substance and shall abstain from the use of all intoxicants including alcohol; and

(4) the defendant shall participate in a substance abuse program which includes random drug testing at the direction of the Probation Office; and

(5) the defendant shall pay the balance of the fine originally ordered at sentencing through monthly installments of $10.00 per month.

**THE DEFENDANT IS FURTHER ORDERED TO ABIDE BY THE FOLLOWING STANDARD CONDITIONS OF SUPERVISION FOR THE SOUTHERN DISTRICT OF OHIO:**

(1) the defendant shall not leave the judicial district without permission of the court or probation officer;

(2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5

(4) the defendant shall support his or her dependents and meet other family responsibilities;

(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

(7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

(9) the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) the defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

6

The defendant is ordered to pay the balance of his fine.  Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: Any balance upon incarceration shall be paid in minimum quarterly installments of $25.00 if defendant is working in a non-UNICOR or grade 5 UNICOR Job, or if working in a grade 1 - 4 UNICOR Job defendant shall pay 50% of defendant's monthly pay during the period of incarceration.  Any balance due upon commencement of supervision shall be paid, during the term of supervision, in minimum monthly installments of at least $10.00, to commence 60 days after release from imprisonment.  Any change in this schedule shall be made only by Order of the Court.

The defendant is remanded to the custody of the United States Marshals.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on January 18, 2006. **Ten calendar days from the filing of the judgment is January 28, 2006**.

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf.  It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

Herman J. Weber, Senior
United States District Judge

1 / 18 / 06
Date

7

Certified as a true copy on

this date _____

By: _____
   Deputy Clerk

## R ETU R N

I have executed this Judgment as follows:

_____

_____

_____

_____Defendant   delivered   on

_____ to _____

_____ at _____, with a certified

copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal

J:\DOCUMENT\NEW_JUDGEMENT\2002\02-137.SRV.wpd